UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: PAUL C. LARSEN. P.A.
_____

LUIS E. RIVERA, II,

      Plaintiff,

v.                                                   Case No.: 2:19-cv-860-FtM-38

PAUL C. LARSEN and PAUL C.
LARSEN P.A.,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court are Plaintiff's Response to Court's Order to Show Cause (Doc. 6) and Defendants' Motion to Dismiss Plaintiff's Appeal of the Court's Judgment in the Above Matter (Doc. 3). Rivera filed this bankruptcy appeal in early December 2019, but he did not timely file a brief as required by Federal Rule of Bankruptcy Procedure 8018. Nor did he respond to Defendants' motion to dismiss. The Court ordered Rivera to show cause why it should not dismiss this case for failure to prosecute. (Doc. 4). Counsel for Rivera explains that he filed a response to Defendants' motion to dismiss in the underlying bankruptcy case, and that he was waiting for the Court to rule on the motion before filing his brief. Counsel for Rivera asks for ten days to file his brief, which the Court will grant.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Moving forward, the Court expects Rivera's counsel to submit his filings to *this* Court and to abide by the applicable rules.

The Court now turns to Defendants' motion to dismiss. Paul C. Larsen filed the motion on behalf of himself and Paul C. Larsen, P.A. The motion does not state grounds for dismissal but instead attacks the merits of the appeal. In it, Larsen expresses uncertainty as to whether the designation of the record and notice of appeal constitute Rivera's brief. And despite his uncertainty, Larsen "wish[ed] to be timely." (Doc. 3). The Court will thus deny the motion to dismiss, but Larsen may rest assured that he can file a response brief within 30 days after service of Rivera's brief. *See* FED. R. BANKR. P. 8018(a)(2). But Larsen **may not** file any papers on behalf of Paul C. Larsen, P.A. Artificial entities, including professional associations, "must appear and litigate though counsel, and cannot proceed *pro se*." *Potter v. Altman,* 647 F. App'x 974, 976 (11th Cir. 2016). If Paul C. Larsen, P.A. wants to defend this appeal, it must hire an attorney licensed to practice before this Court.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Luis E. Rivera, II may file his brief on or before **March 15, 2020**.

(2) Defendants' Motion to Dismiss Plaintiff's Appeal of the Court's Judgment in the Above Matter (Doc. 3) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of March, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record